IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHARON W. LANDON                                                                              PLAINTIFF

vs.                                    Civil No. 4:07-cv-04071

MICHAEL J. ASTRUE                                                                             DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Sharon Landon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of the magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed an application for DIB on April 11, 2005. (Tr. 51-53). In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to diabetes, fibromyalgia, arthritis, and pain in back, legs, shoulders, wrist, and feet. (Tr. 62, 93). Plaintiff alleged an onset date of October 28, 2002. (Tr. 51). This application was denied initially and on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 28-29).

On October 31, 2005, Plaintiff requested an administrative hearing on her application. (Tr. 26). The hearing was held on October 31, 2006 in Texarkana, Arkansas. (Tr. 211-229). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Katrina Virden testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-three (43) years old and had a high school education. (Tr. 17).

On February 23, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 11-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2006. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 28, 2002, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes, neuropathy, and fibromyalgia. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-16, Finding 5). Plaintiff testified at the administrative hearing that she was only able to do the following: sit forty-five minutes at a time, sit for about two hours in an eight-hour period of time, stand ten minutes at a time, stand for two hours in an eight-hour period of time, walk about half a block, and suffered pain if asked to stoop or bend. (Tr. 220-221).

The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms

2

pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 15-16). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) there was no evidence Plaintiff had been diagnosed with diabetic retinopathy, (2) nerve conduction studies confirmed right median neuropathy consistent with mild right carpal tunnel syndrome, (3) Plaintiff's motor sensory response was largely normal, (4) the limitations set forth in Dr. Matt Walter's assessment of November 7, 2005 (Tr. 161-164), were discredited by Plaintiff's responses on the function report, and (5) Plaintiff's depression is non-severe and situational in nature. (Tr. 16).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 14-16, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC for sedentary work:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to lift/carry 10 pounds occasionally; sit 6 hours in an 8 hour day; and stand/walk 2 hours in an 8 hour day. Non-exertionally, she can perform tasks that can be no more complex than those learned and performed by rote with few variables and requiring little judgement. Supervision required is simple, direct, and concrete.

(Tr. 14, Finding 5). *See* 20 C.F.R. § 416.967(b).

The ALJ then determined that Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 17-18, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 216-218, 225-228). Plaintiff and the VE testified Plaintiff's PRW was as a construction flagger. (Tr. 216-218). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 225-226).

However, the VE then testified that a hypothetical person with Plaintiff's RFC, age,

3

education, and work experience could perform other work in the national economy. (Tr. 226-227). For example, the VE testified that such a hypothetical person could perform work as an information clerk (sedentary, unskilled work) (500 such jobs in the State of Arkansas and 40,000 in the nation), cashiering work (sedentary, semiskilled work) (11,000 such jobs in the State of Arkansas and 600,000 in the nation), and receptionist (sedentary, semiskilled work) (2,400 such jobs in the State of Arkansas and 181,000 in the nation). (Tr. 17). The ALJ then determined, based upon the VE's testimony and based upon Plaintiff's age, education, work experience, and RFC, that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 17, finding 10).

On February 26, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). On July 3, 2007, the Appeals Council declined to review this decision. (Tr. 3-5). *See* 20 C.F.R. § 404.984(b)(2). On July 26, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 1, 2007. (Doc. No. 2). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal, claiming the ALJ's RFC determination is not supported by substantial evidence in the record; the ALJ's determination that Plaintiff, with her limitations, can perform other work existing in significant numbers in the national economy is not supported by substantial evidence in the record; and the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 5, Pages 1-5). In response, Defendant argues that the ALJ properly evaluated Plaintiff's RFC and the VE's testimony provided substantial evidence to support the ALJ's decision. (Doc. No. 6, Pages 3-10). Because the ALJ erred in assessing Plaintiff's RFC, this Court will only address Plaintiff's first argument.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, there are limited medical records related to Plaintiff's physical impairments, dated after her alleged onset date, that are included in the transcript. (Tr. 123-157, 166-210).

On April 10, 2003 Plaintiff was seen by Dr. Nancy Burt with complaints of pain and numbness in her feet and hands. (Tr. 124-125). Plaintiff was diagnosed with probable peripheral neuropathy most likely related to her diabetes mellitus. Dr. Burt also recommended a nerve conduction exam. (Tr. 125). On April 22, 2003, Plaintiff underwent a nerve conduction exam. (Tr. 123). This exam showed diffuse polyneuropathy affecting sensory fibers and right median neuropathy consistent with mild right carpal tunnel syndrome. (Tr. 123).

On February 19, 2003, Plaintiff was seen by Dr. Matt Walter with complaints of leg and toe cramping and knotting which was worse when walking. (Tr. 174). Plaintiff was seen by Dr. Walter on April 23, 2004 with complaints of low back pain. (Tr. 171). Plaintiff returned to Dr. Walter on August 9, 2004 with continued complaints of back pain. Plaintiff was diagnosed with fibromyalgia. (Tr. 169). On January 10, 2005, Plaintiff was seen by Dr. Walter with complaints of muscle spasm, cramps, weakness, fatigue, and feet and wrist pain. (Tr. 167). Plaintiff was seen by Dr. Walter on August 9, 2005 with complaints of leg and wrist pain. (Tr. 165).

On November 7, 2005, Dr. Walter completed a "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)." (Tr. 161-164). In this report, Dr. Walter found the maximum amount Plaintiff could occasionally lift and carry was ten pounds and the maximum amount she could frequently lift and carry was ten pounds. (Tr. 161). Dr. Walter found Plaintiff only had the ability to stand and walk (with normal breaks) for less than two hours out of an eight-hour day and the ability to sit (with normal breaks) for about three hours total out of an eight-hour day. (Tr. 161). Dr. Walter found Plaintiff could only sit for forty-five minutes before she needed to change positions and could only stand for ten minutes before she needed to change positions. (Tr. 161). Dr. Walter indicated Plaintiff could only occasionally twist, stoop, crouch or climb stairs. (Tr. 162). Dr. Walter was of the opinion Plaintiff would be absent from work more than 3 times a month due to her impairments. (Tr. 163). Dr. Walter also found Plaintiff was limited to walking 100 feet before needing to stop. (Tr. 164).

After reviewing the record, this Court finds that the ALJ's RFC determination is not supported by substantial evidence. In his RFC determination, the ALJ found Plaintiff had far fewer severe limitations than those found by Dr. Walter. (Tr. 14, Finding 5). There are no consultative reports or other examinations included in the record. The records provided by Dr. Walter and the other physicians, do not indicate that Plaintiff retains the ability to perform the range of sedentary work as found by the ALJ.

On remand, the ALJ should also more fully explain the reasons for disregarding the opinion of Dr. Walter, Plaintiff's treating physician.[2] *See* 20 C.F.R. § 404.1527(d)(2) (stating that "We [the

---

[2] The Court notes the Defendant alleged several "good reasons" for disregarding Dr. Walter's opinion in his appeal brief. (Doc. No. 6, Pages 4-5). However, argument from the Defendant in a brief should not substitute for the required analysis by the ALJ in his opinion.

SSA] will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion"). The ALJ did not provide any "good reasons" for discounting Dr. Walter's opinion, and on remand, the ALJ should more fully address this issue.

Furthermore, if necessary, the ALJ should order consultative examinations to determine the extent of Plaintiff's impairments.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of August, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE